IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES AUSTIN PARKS, | No. CIV S-06-2877-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| DAVID L. RUNNELS, et al., | |
| Respondents. | |
| _____ / | |

   Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss (Doc. 10).  Petitioner has filed an opposition (Doc. 11).  In their motion to dismiss, respondents argue that federal review of petitioner's claim is barred because he defaulted in state court by not exhausting administrative remedies as required by In re Dexter, 25 Cal.3d 921 (1979).

   Based on concerns of comity and federalism, federal courts will not review a habeas petitioner's claims if the state court decision denying relief rests on a state law ground that is independent of federal law and adequate to support the judgment.  See Coleman v. Thompson, 501 U.S. 722 (1991); Harris v. Reed, 489 U.S. 255, 260-62 (1989).  Generally, the only state law

grounds meeting these requirements are state procedural rules.  Even if there is an independent and adequate state ground for the decision, the federal court may still consider the claim if the petitioner can demonstrate:  (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice.  See Harris, 489 U.S. at 262 (citing Murray v. Carrier, 477 U.S. 478, 485, 495 (1986)).

      Through his federal habeas corpus petition, petitioner challenges an adverse prison disciplinary finding.  The California Supreme Court ultimately denied the claim, citing to Dexter.  Respondents argue that, by failing to exhaust available administrative remedies, petitioner defaulted on the claim and, as a result, this court cannot review the claim.  Respondents do not state in their motion to dismiss which administrative procedures petitioner failed to exhaust.  The court presumes that respondents contend that petitioner failed to present his claim at all three levels of administrative review provided under California regulations to inmates with grievances.  While petitioner only specifically references the first and second levels of administrative review in his petition, in his opposition to respondents' motion petitioner attaches the November 2, 2005, director's level review denying his claim.  Thus, it is clear that petitioner exhausted all three levels of administrative review concerning his grievance.[1]

      Because petitioner did not default the claim in state court, this court is not barred from reviewing the claim in the context of the instant federal petition.  Respondents' motion to dismiss should be denied.

      Based on the foregoing, the undersigned recommends that:

      1.    Respondents' motion to dismiss (Doc. 11) be denied; and

      2.    Respondents be directed to file an answer on the merits.

/ / /

---

[1] It appears that the California Supreme Court was incorrect in concluding in its November 1, 2006, decision that petitioner had not exhausted all available administrative remedies.

1  These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
3 after being served with these findings and recommendations, any party may file written objections
4 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
5 and Recommendations."  Failure to file objections within the specified time may waive the right
6 to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8 DATED:  May 23, 2007.

	_____
	**CRAIG M. KELLISON**
	UNITED STATES MAGISTRATE JUDGE