IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES AUSTIN PARKS, | No. CIV S-06-2877-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| DAVID L. RUNNELS, et al., | |
| Respondents. | |
| _____/ | |

     Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges a prison disciplinary proceeding. Pending before the court are petitioner's petition for a writ of habeas corpus (Doc. 1), respondents' answer (Doc. 19), and petitioner's reply (Doc. 20).

## I. BACKGROUND

     Petitioner was issued a rules violation report on the charge of delaying a peace officer in the performance of his duty. According to the rules violation report, in April 2005, correctional officers responded to a fire alarm and observed water flooding the tier. The water was coming from cell 127, which was occupied at the time by petitioner. Petitioner was the sole

1

1 occupant of cell 127.  While correctional officers were investigating the water problem,

2 petitioner yelled from his cell "That's what you get bitch."  Petitioner was removed from cell 127

3 and placed in a holding area while a cell search was conducted.  As petitioner was being

4 escorted, he stated:  "Put me in another cell and I'll break that sprinkler too."  Correctional

5 officers searched cell 127 and recovered sprinkler parts from the toilet.  Petitioner was then

6 removed from the holding cell and placed in cell 128 without further incident.  Correctional

7 officers reported that petitioner was placed in cell 128 because maintenance staff were unable to

8 fix the sprinkler in cell 127.  Re-housing petitioner required "several housing bed moves to create

9 a vacant cell," which correctional officers state "delayed the unit program for approximately 2

10 hours."

11        At the time petitioner entered his plea to the rules violation, he stated:

12        I did not delay a Peace Officer, and if you want to charge me for the broken sprinkler you should have written me up for destruction of state
13        property.  You can't charge me because you did not write me up for that. You can find me guilty of delaying a Peace Officer if you want.  But I ain't
14        paying for something that I did not get written up for.

15 Petitioner entered a plea of not guilty to the charged rules violation.  Petitioner was provided a

16 copy of the rules violation report and did not request any witnesses at his disciplinary hearing.

17 Petitioner was found guilty of delaying a peace officer and assessed a loss of 90 days good-time

18 credits.  He was also restricted from yard access for ten days and denied canteen privileges for 90

19 days.  Petitioner was assessed a $125.00 fine for the cost of the destroyed property.  It does not

20 appear, however, that petitioner was ever charged with destruction of state property.  With

21 respect to a staff assistant, the hearing decision noted:

22        The Senior Hearing Officer determined that inmate PARKS speaks English, is literate, the issues are not complex, and a confidential
23        relationship is not required.  Inmate PARKS, therefore, did not meet the criteria for assignment of a Staff Assistant pursuant to CCR, Section
24        3315(d)(2).  However, inmate PARKS has been identified as a Developmental Disability Program (DDP) inmate, and required a Staff
25        Assistant pursuant to the Clark Decision. . . .  Officer Miller was assigned as a Staff Assistant for inmate PARKS and was present during this
26        hearing.

2

>Inmate PARKS stated during this hearing that he could read and represent himself and did not want or need a Staff Assistant. Officer Miller remained present through the conclusion of this hearing.

Petitioner challenged the disciplinary proceeding in a habeas corpus petition filed in the Lassen County Superior Court, which denied relief on June 19, 2006. The state court concluded:

> . . . The petition reflects no violation of due process: the petitioner argues that his destruction of a sprinkler head in his cell, flooding it and delaying the unit program for 2 hours, was not a violation of 15 C.F.R. § 3005(a) and that assessing him a charge of $125.00 for repairs was improper. The court disagrees. The petition for writ of habeas corpus is denied.

The California Court of Appeal denied habeas relief on September 14, 2006, without comment or citation. The California Supreme Court denied habeas relief on November 1, 2006, with only a citation to In re Dexter, 25 Cal.3d 921 (1979). Respondents concede petitioner's claim is exhausted.

## II.  STANDARDS OF REVIEW

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998). The AEDPA does not, however, apply in all circumstances. When it is clear that a state court has not reached the merits of a petitioner's claim, because it was not raised in state court or because the court denied it on procedural grounds, the AEDPA deference scheme does not apply and a federal habeas court must review the claim de novo. See Pirtle v. Morgan, 313 F.3d 1160 (9th Cir. 2002) (holding that the AEDPA did not apply where Washington Supreme Court refused to reach petitioner's claim under its "re-litigation rule"); see also Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002) (holding that, where state court denied petitioner an evidentiary hearing on

perjury claim, AEDPA did not apply because evidence of the perjury was adduced only at the evidentiary hearing in federal court); Appel v. Horn, 250 F.3d 203, 210 (3d Cir.2001) (reviewing petition de novo where state court had issued a ruling on the merits of a related claim, but not the claim alleged by petitioner). When the state court does not reach the merits of a claim, "concerns about comity and federalism . . . do not exist." Pirtle, 313 F. 3d at 1167.

Where AEDPA is applicable, federal habeas relief under 28 U.S.C. § 2254(d) is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F. 3d 1223, 1229 (9th Cir. 2001). Thus, under § 2254(d), federal habeas relief is available where the state court's decision is "contrary to" or represents an "unreasonable application of" clearly established law. Under both standards, "clearly established law" means only those holdings of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 127 S.Ct. 649, 653-54 (2006). "What matters are the holdings of the Supreme Court, not the holdings of lower federal courts." Plumlee v. Masto, 512 F.3d 1204 (9th Cir. Jan. 17, 2008) (en banc).

In Williams v. Taylor, 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a majority of the Court), the United States Supreme Court explained these different standards. A state court decision is "contrary to" Supreme Court precedent if it is opposite to that reached by the Supreme Court on the same question of law, or if the state court decides the case differently than the Supreme Court has on a set of materially indistinguishable facts. See id. at 405. A state court decision is also "contrary to" established law if it applies a rule which contradicts the

governing law set forth in Supreme Court cases. See id. In sum, the petitioner must demonstrate that Supreme Court precedent requires a contrary outcome because the state court applied the wrong legal rules. Thus, a state court decision applying the correct legal rule from Supreme Court cases to the facts of a particular case is not reviewed under the "contrary to" standard. See id. at 406. If a state court decision is "contrary to" clearly established law, it is reviewed to determine first whether it resulted in constitutional error. See Benn v. Lambert, 293 F.3d 1040, 1052 n.6 (9th Cir. 2002). If so, the next question is whether such error was structural, in which case federal habeas relief is warranted. See id. If the error was not structural, the final question is whether the error had a substantial and injurious effect on the verdict, or was harmless. See id.

State court decisions are reviewed under the far more deferential "unreasonable application of" standard where it identifies the correct legal rule from Supreme Court cases, but unreasonably applies the rule to the facts of a particular case. See id.; see also Wiggins v. Smith, 123 S.Ct. 252 (2003). While declining to rule on the issue, the Supreme Court in Williams, suggested that federal habeas relief may be available under this standard where the state court either unreasonably extends a legal principle to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. See Williams, 529 U.S. at 408-09. The Supreme Court has, however, made it clear that a state court decision is not an "unreasonable application of" controlling law simply because it is an erroneous or incorrect application of federal law. See id. at 410; see also Lockyer v. Andrade, 123 S.Ct. 1166, 1175 (2003). An "unreasonable application of" controlling law cannot necessarily be found even where the federal habeas court concludes that the state court decision is clearly erroneous. See Lockyer, 123 S.Ct. at 1175. This is because ". . . the gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Id. As with state court decisions which are "contrary to" established federal law, where a state court decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless unavailable if the error was non-structural and harmless. See Benn,

283 F.3d at 1052 n.6.

The "unreasonable application of" standard also applies where the state court denies a claim without providing any reasoning whatsoever. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 233 F.3d 976, 982 (9th Cir. 2000). Such decisions are considered adjudications on the merits and are, therefore, entitled to deference under the AEDPA. See Green v. Lambert, 288 F.3d 1081 1089 (9th Cir. 2002); Delgado, 233 F.3d at 982. The federal habeas court assumes that state court applied the correct law and analyzes whether the state court's summary denial was based on an objectively unreasonable application of that law. See Himes, 336 F.3d at 853; Delgado, 233 F.3d at 982.

### III. DISCUSSION

On pages five and six of the court's pre-printed form habeas corpus petition, petitioner lists the following claims: (1) he was improperly denied a staff assistant; (2) there was a conflict of interest; and (3) the fine for destruction of property was not related to the charged violation. However, in the attached hand-written portion of the petition, petitioner discusses only his contention that he was improperly denied a staff assistant. Therefore, the court finds that this is the only issue properly raised by petitioner.

With respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974). Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the

hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. A violation of prison regulations does not give rise to a due process claim as long as these minimum protections have been provided. See Walker, 14 F.3d at 1419-20.

In light of these standards, the court concludes that petitioner's claim is frivolous. First, the record reflects that, at the time of the hearing, petitioner explicitly refused the assistance of any staff personnel. Second, even if he had not refused staff assistance, he would not have been entitled to one. Under Wolff, staff assistance is limited to legal assistance, and only where the charges are complex or the inmate is illiterate. In this case, there is no indication that petitioner is illiterate. To the contrary, he stated at the hearing that he could read. Further, the charge was not complex. Finally, petitioner states in his petition that he wanted an assistant to help him with an investigation. Such an assistant would not have been necessary because there was nothing which required investigation.

Because petitioner's claim is limited to procedural protections, the court need not address whether there was "some evidence" to support the guilty finding.

Accordingly, the court concludes that the state court's denial of petitioner's claim was neither contrary to nor an unreasonable application of the Wolff requirements. The court also concludes that the state court's decision was not objectively unreasonable.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Petitioner's petition for a writ of habeas corpus (Doc. 1) be denied; and

2. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 11, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE