IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES AUSTIN PARKS,  No. CIV S-06-2877-FCD-CMK-P

    Petitioner,

  vs.  ORDER

DAVID L. RUNNELS, et al.,

    Respondents.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's request to withdraw the instant petition (Doc. 24). By this order, the court requests that respondents file a response.

    In findings and recommendations issued on March 12, 2008, the court stated:

> On pages five and six of the court's pre-printed form habeas corpus petition, petitioner lists the following claims: (1) he was improperly denied a staff assistant; (2) there was a conflict of interest; and (3) the fine for destruction of property was not related to the charged violation. However, in the attached hand-written portion of the petition, petitioner discusses only his contention that he was improperly denied a staff assistant. Therefore, the court finds that this is the only issue properly raised by petitioner.

In his request to withdraw the petition, petitioner states that he wants to return to state court in order to exhaust the claim that the fine for destruction of property was not related to the charged rules violation. That claim, however, appears to have been properly exhausted. In particular, in

1

addressing petitioner's state habeas petition, the Lassen County Superior Court stated:

> . . . The petition reflects no violation of due process: the petitioner argues that his destruction of a sprinkler head in his cell, flooding it and delaying the unit program for 2 hours, was not a violation of 15 C.F.R. § 3005(a) and that assessing him a charge of $125.00 for repairs was improper. The court disagrees. The petition for writ of habeas corpus is denied.

Thus, the state court rejected petitioner's claim that the fine was improper. The issue, then, is not one of exhaustion. Rather, the issue is whether petitioner adequately raised the fine claim in the instant federal petition. As indicated above, while he mentions the fine claim in the petition, petitioner only presents this court with argument concerning a staff assistant.

The court construes petitioner's request to withdraw the instant petition as a motion for leave to amend the petition in order to present argument concerning the fine claim. So construed, respondents are requested to file a response to the motion. In the meantime, the court will not present the March 12, 2008, findings and recommendations to the district judge. If leave to amend the petition is granted, the findings and recommendations will be vacated. Absent opposition from respondents, the motion for leave to amend will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request (Doc. 24) is construed as a motion for leave to amend the petition; and

2. So construed, respondents may file a response within 20 days of the date of this order.

DATED: April 30, 2008

_Craig M. Kellison_
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE