1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CHARLES AUSTIN PARKS,                    No. CIV S-06-2877-FCD-CMK-P

12              Petitioner,

13        vs.                                 <u>ORDER</u>

14   DAVID L. RUNNELS, et al.,

15              Respondents.

16   _____/

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges a prison disciplinary

19   proceeding.

20          On March 12, 2008, the court issued findings and recommendations addressing

21   the merits of petitioner's petition.  In the findings and recommendations, the court described the

22   claims raised in the petition as follows:

23          On pages five and six of the court's pre-printed form
     habeas corpus petition, petitioner lists the following claims:  (1) he was
24   improperly denied a staff assistant; (2) there was a conflict of interest; and
     (3) the fine for destruction of property was not related to the charged
25   violation.  However, in the attached hand-written portion of the petition,
     petitioner discusses only his contention that he was improperly denied a
26   staff assistant.  Therefore, the court finds that this is the only issue

                                    1

1          properly raised by petitioner.

2  Petitioner responded to the findings and recommendations by filing a motion to withdraw the

3  current petition in order to return to state court and exhaust the claim regarding imposition of the

4  fine for destruction of property ("fine claim").  On May 1, 2008, the court issued an order

5  observing that, because the state court rejected petitioner's claim regarding the fine, the issue is

6  not one of exhaustion.  The court stated:  "Rather, the issue is whether petitioner adequately

7  raised this claim in the instant federal petition."  The court construed petitioner's motion as a

8  motion to amend the petition and directed respondents to file a response, which they did on May

9  14, 2008.

10          In their response, respondents state that the subject claim lacks merit because it is

11  based on an alleged violation of state law and, as such, is not cognizable in a federal habeas

12  corpus action.  Respondents argue that the only relevant issue in this case is whether petitioner

13  received the due process procedural protections mandated by Wolff v. McDonnell, 418 U.S. 539,

14  563-70 (1974).  Respondents conclude that allowing petitioner to amend the petition would be an

15  "act of futility."

16          The court does not agree with respondents' analysis.  As reflected in the petition

17  and petitioner's response to the March 12, 2008, findings and recommendations, petitioner

18  claims that he was denied the Wolff protections with respect to the prison disciplinary action

19  taken against him.  In particular, he argues that he was denied a staff assistant and that the fine

20  was improperly imposed.  As to the claim regarding the fine, petitioner asserts that he was never

21  charged with destruction of state property.  As respondents note in their answer to the petition,

22  due process requires prison officials to provide the inmate with: (1) a written statement at least

23  24 hours before the disciplinary hearing that includes the charges, a description of the evidence

24  against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to

25  present documentary evidence and call witnesses, unless calling witnesses would interfere with

26  institutional security; and (3) legal assistance where the charges are complex or the inmate is

1   illiterate.  <u>See</u> <u>id.</u>  Because petitioner contends that he was never charged with destruction of state

2   property, his claim implicates <u>Wolff</u> in that he was never provided notice of any charge relating

3   to imposition of a fine.

4               Rather than requiring petitioner to file an amended petition, in light of petitioner's

5   response to the March 12, 2008, findings and recommendations the court will construe the

6   current petition as adequately raising the desired claim.  It is now clear to the court that petitioner

7   intended to assert the claim regarding the fine and that said claim is exhausted given that the state

8   court addressed it on the merits.  Respondents will be provided an opportunity to file an amended

9   answer addressing the merits of said claim.  In the meantime, the court will vacate the March 12,

10  2008, findings and recommendations.  Upon submission of a supplemental answer, the court will

11  issue amended findings and recommendations.

12              Accordingly, IT IS HEREBY ORDERED that:

13              1.       The March 12, 2008, findings and recommendations are vacated;

14              2.       Within 30 days of the date of this order, respondents shall file a

15  supplemental answer addressing the merits of the claim regarding imposition of the fine under

16  <u>Wolff</u>; and

17              3.       Petitioner may file a supplemental traverse regarding said claim within 30

18  days after service of respondents' supplemental answer.

19

20   DATED:  June 25, 2008

21                                              _____

22                                              **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE

23

24

25

26

3