IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES AUSTIN PARKS, | No. CIV S-06-2877-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| DAVID L. RUNNELS, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges a prison disciplinary proceeding. Pending before the court are petitioner's petition for a writ of habeas corpus (Doc. 1), respondents' answer (Doc. 19), petitioner's reply (Doc. 20), respondents' supplemental answer (Doc. 28), and petitioner's supplemental reply (Doc. 33).

/ / /

/ / /

/ / /

/ / /

/ / /

### I. BACKGROUND

Petitioner was issued a rules violation report on the charge of delaying a peace officer in the performance of his duty. According to the rules violation report, in April 2005, correctional officers responded to a fire alarm and observed water flooding the tier. The water was coming from cell 127, which was occupied at the time by petitioner. Petitioner was the sole occupant of cell 127. While correctional officers were investigating the water problem, petitioner yelled from his cell "That's what you get bitch." Petitioner was removed from cell 127 and placed in a holding area while a cell search was conducted. As petitioner was being escorted, he stated: "Put me in another cell and I'll break that sprinkler too." Correctional officers searched cell 127 and recovered sprinkler parts from the toilet. Petitioner was then removed from the holding cell and placed in cell 128 without further incident. Correctional officers reported that petitioner was placed in cell 128 because maintenance staff were unable to fix the sprinkler in cell 127. Re-housing petitioner required "several housing bed moves to create a vacant cell," which correctional officers state "delayed the unit program for approximately 2 hours."

At the time petitioner entered his plea to the rules violation, he stated:

> I did not delay a Peace Officer, and if you want to charge me for the broken sprinkler you should have written me up for destruction of state property. You can't charge me because you did not write me up for that. You can find me guilty of delaying a Peace Officer if you want. But I ain't paying for something that I did not get written up for.

Petitioner entered a plea of not guilty to the charged rules violation. Petitioner was provided a copy of the rules violation report and did not request any witnesses at his disciplinary hearing. Petitioner was found guilty of delaying a peace officer and assessed a loss of 90 days good-time credits. He was also restricted from yard access for ten days and denied canteen privileges for 90 days. Petitioner was assessed a $125.00 fine for the cost of the destroyed property. It does not appear, however, that petitioner was ever charged with destruction of state property. With

/ / /

respect to the issue regarding the assignment of a staff assistant, the hearing decision noted:

> The Senior Hearing Officer determined that inmate PARKS speaks English, is literate, the issues are not complex, and a confidential relationship is not required.  Inmate PARKS, therefore, did not meet the criteria for assignment of a Staff Assistant pursuant to CCR, Section 3315(d)(2).  However, inmate PARKS has been identified as a Developmental Disability Program (DDP) inmate, and required a Staff Assistant pursuant to the Clark Decision. . . .  Officer Miller was assigned as a Staff Assistant for inmate PARKS and was present during this hearing.
>
> Inmate PARKS stated during this hearing that he could read and represent himself and did not want or need a Staff Assistant.  Officer Miller remained present through the conclusion of this hearing.

Petitioner challenged the disciplinary proceeding in a habeas corpus petition filed in the Lassen County Superior Court, which denied relief on June 19, 2006.  The state court concluded:

> . . . The petition reflects no violation of due process:  the petitioner argues that his destruction of a sprinkler head in his cell, flooding it and delaying the unit program for 2 hours, was not a violation of 15 C.F.R. § 3005(a) and that assessing him a charge of $125.00 for repairs was improper.  The court disagrees.  The petition for writ of habeas corpus is denied.

The California Court of Appeal denied habeas relief on September 14, 2006, without comment or citation.  The California Supreme Court denied habeas relief on November 1, 2006, with only a citation to In re Dexter, 25 Cal.3d 921 (1979).  Petitioner's claims are exhausted.

## II. STANDARDS OF REVIEW

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998).  The AEDPA does not, however, apply in all circumstances.  When it is clear that a state court has not reached the merits of a petitioner's claim, because it was not raised in state court or because the court

3

denied it on procedural grounds, the AEDPA deference scheme does not apply and a federal habeas court must review the claim de novo. See Pirtle v. Morgan, 313 F.3d 1160 (9th Cir. 2002) (holding that the AEDPA did not apply where Washington Supreme Court refused to reach petitioner's claim under its "re-litigation rule"); see also Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002) (holding that, where state court denied petitioner an evidentiary hearing on perjury claim, AEDPA did not apply because evidence of the perjury was adduced only at the evidentiary hearing in federal court); Appel v. Horn, 250 F.3d 203, 210 (3d Cir.2001) (reviewing petition de novo where state court had issued a ruling on the merits of a related claim, but not the claim alleged by petitioner). When the state court does not reach the merits of a claim, "concerns about comity and federalism . . . do not exist." Pirtle, 313 F. 3d at 1167.

Where AEDPA is applicable, federal habeas relief under 28 U.S.C. § 2254(d) is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F. 3d 1223, 1229 (9th Cir. 2001). Thus, under § 2254(d), federal habeas relief is available where the state court's decision is "contrary to" or represents an "unreasonable application of" clearly established law. Under both standards, "clearly established law" means only those holdings of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 127 S.Ct. 649, 653-54 (2006). "What matters are the holdings of the Supreme Court, not the holdings of lower federal courts." Plumlee v. Masto, 512 F.3d 1204 (9th Cir. Jan. 17, 2008) (en banc).

/ / /

In <u>Williams v. Taylor</u>, 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a majority of the Court), the United States Supreme Court explained these different standards. A state court decision is "contrary to" Supreme Court precedent if it is opposite to that reached by the Supreme Court on the same question of law, or if the state court decides the case differently than the Supreme Court has on a set of materially indistinguishable facts. See <u>id.</u> at 405. A state court decision is also "contrary to" established law if it applies a rule which contradicts the governing law set forth in Supreme Court cases. See <u>id.</u> In sum, the petitioner must demonstrate that Supreme Court precedent requires a contrary outcome because the state court applied the wrong legal rules. Thus, a state court decision applying the correct legal rule from Supreme Court cases to the facts of a particular case is not reviewed under the "contrary to" standard. See <u>id.</u> at 406. If a state court decision is "contrary to" clearly established law, it is reviewed to determine first whether it resulted in constitutional error. See <u>Benn v. Lambert</u>, 293 F.3d 1040, 1052 n.6 (9th Cir. 2002). If so, the next question is whether such error was structural, in which case federal habeas relief is warranted. See <u>id.</u> If the error was not structural, the final question is whether the error had a substantial and injurious effect on the verdict, or was harmless. See <u>id.</u>

State court decisions are reviewed under the far more deferential "unreasonable application of" standard where it identifies the correct legal rule from Supreme Court cases, but unreasonably applies the rule to the facts of a particular case. See <u>id.</u>; see also <u>Wiggins v. Smith</u>, 123 S.Ct. 252 (2003). While declining to rule on the issue, the Supreme Court in <u>Williams,</u> suggested that federal habeas relief may be available under this standard where the state court either unreasonably extends a legal principle to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. See <u>Williams</u>, 529 U.S. at 408-09. The Supreme Court has, however, made it clear that a state court decision is not an "unreasonable application of" controlling law simply because it is an erroneous or incorrect application of federal law. See <u>id.</u> at 410; see also <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166, 1175 (2003). An "unreasonable application of" controlling law cannot necessarily be

found even where the federal habeas court concludes that the state court decision is clearly erroneous. See Lockyer, 123 S.Ct. at 1175. This is because ". . . the gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Id. As with state court decisions which are "contrary to" established federal law, where a state court decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless unavailable if the error was non-structural and harmless. See Benn, 283 F.3d at 1052 n.6.

The "unreasonable application of" standard also applies where the state court denies a claim without providing any reasoning whatsoever. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 233 F.3d 976, 982 (9th Cir. 2000). Such decisions are considered adjudications on the merits and are, therefore, entitled to deference under the AEDPA. See Green v. Lambert, 288 F.3d 1081 1089 (9th Cir. 2002); Delgado, 233 F.3d at 982. The federal habeas court assumes that state court applied the correct law and analyzes whether the state court's summary denial was based on an objectively unreasonable application of that law. See Himes, 336 F.3d at 853; Delgado, 233 F.3d at 982.

### III. DISCUSSION

On pages five and six of the court's pre-printed form habeas corpus petition, petitioner lists the following claims: (1) he was improperly denied a staff assistant; (2) there was a conflict of interest; and (3) the fine for destruction of property was not related to the charged violation. In the attached hand-written portion of the petition, petitioner discusses only his contention that he was improperly denied a staff assistant. Petitioner's claim regarding imposition of the fine is discussed in the parties' supplemental briefing. Petitioner never presents any substantive argument regarding a conflict of interest. Therefore, the claims properly before the court are petitioner's claims that he was denied a staff assistant and improperly assessed a fine.

With respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.  See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974).  Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985).  The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56.  A violation of prison regulations does not give rise to a due process claim as long as these minimum protections have been provided.  See Walker, 14 F.3d at 1419-20.

In light of these standards, the court concludes that petitioner's claim regarding the staff assistant is frivolous.  First, the record reflects that, at the time of the hearing, petitioner explicitly refused the assistance of any staff personnel.  Second, even if he had not refused staff assistance, he would not have been entitled to one.  Under Wolff, staff assistance is limited to legal assistance, and only where the charges are complex or the inmate is illiterate.  In this case, there is no indication that petitioner is illiterate.  To the contrary, he stated at the hearing that he could read.  Further, the charge was not complex.  Finally, while petitioner states in his petition that he wanted an assistant to help him with an investigation, such an assistant would not have been necessary because there was nothing which required investigation.

/ / /

/ / /

/ / /

1    Petitioner also claims a violation of due process resulting from imposition of the
2 $125.00 fine because he was never charged with destruction of state property.  In their
3 supplemental response, respondents argue that this court does not have jurisdiction over the
4 claim, citing <u>Dremann v. Francis</u>, 828 F.2d 6 (9th Cir. 1987) (per curiam), and <u>Moore v. Nelson</u>,
5 270 F.3d 789 (9th Cir. 2001).  In <u>Dremann</u>, the petitioner challenged a contempt of court citation
6 imposing a monetary fine only.  <u>See</u> 828 F.2d at 6.  The court concluded that, because the
7 petitioner was not incarcerated and was only subject to possible incarceration for failure to pay
8 the fine, the "in custody" requirement of federal habeas corpus jurisdiction was lacking.  <u>See</u> <u>id.</u>
9 In <u>Moore</u>, the petitioner challenged a judgment of a tribal court ordering him to pay a monetary
10 fine for cutting timber without a permit.  <u>See</u> 270 F.3d at 790.  As in <u>Dremann</u>, the court
11 concluded that the "in custody" requirement was not met because the petitioner's freedom had
12 never been restrained.  <u>See</u> <u>id.</u> at 792.

13    These cases are distinguishable in that petitioner in this case is already in custody
14 and is alleging that he was not provided the procedural guarantees required for prison
15 disciplinary hearings.  In both <u>Dremann</u> and <u>Moore</u>, the petitioners were never in any kind of
16 custody as a result of the fines imposed and neither was asserting the denial of procedural
17 safeguards required by <u>Wolff</u>.  Therefore, the court rejects respondents' argument that the court
18 lacks jurisdiction to hear petitioner's claim relating to imposition of a fine.

19    Respondents renew their argument that petitioner's claim relating to imposition of
20 a fine is based entirely on an alleged error of state law and, therefore, is not cognizable.  Again,
21 the court rejects this argument.  As the court previously stated:

22    The court does not agree with respondents' analysis.  As reflected in the petition and petitioner's response to the March 12, 2008, findings and recommendations, petitioner claims that he was denied the <u>Wolff</u> protections with respect to the prison disciplinary action taken against him.  In particular, he argues that he was denied a staff assistant and that the fine was improperly imposed.  As to the fine claim, petitioner asserts that he was never charged with destruction of state property.  As respondents note in their answer to the petition, due process requires prison officials to provide the inmate with: (1) a written statement at least

8

|   |   |
|---|---|
| 1 | 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.  See id.  Because petitioner contends that he was never charged with destruction of state property, his claim implicates Wolff in that he was never provided notice of any charge relating to imposition of a fine. |

Respondent's final argument is that there is "some evidence" to support imposition of the fine because petitioner admitted that he broke the sprinkler.  This argument, however, does not address the procedural issue raised in this case – whether the Wolff safeguards were violated because petitioner was never charged with destruction of state property.  As to this issue, the record clearly shows that petitioner was never provided notice of any charge to support imposition of the fine.  While he admitted breaking the sprinkler, the fact remains that he was only charged with delaying a peace officer.  Therefore, the court concludes that petitioner was not provided any written statement of a charge supporting imposition of a fine, as required by Wolff.  As to imposition of the fine, petitioner's petition for a writ of habeas corpus should be granted.

Because petitioner's claims are limited to procedural protections, the court need not address whether there was "some evidence" to support the guilty finding.  As to the claim that petitioner was denied a staff assistant, the court concludes that the state court's denial of petitioner's claims was neither contrary to nor an unreasonable application of the Wolff requirements.  However, the court finds that, as to imposition of a fine, the state court's decision was an objectively unreasonable application of Wolff because it is clear that petitioner was never provided written notice of any charge to support imposition of a fine.

/ / /

/ / /

/ / /

/ / /

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Petitioner's petition for a writ of habeas corpus (Doc. 1) be denied in part and granted in part;

2. Respondents be directed to expunge imposition of the $125.00 fine and refund any amount paid to petitioner's trust account with 30 days of entry of judgment in this case; and

3. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 30, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE